**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WENDY DALEY, | No. 18-35540 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00718-BR |
| v. | |
| BRENDEN MCKOY et al., | MEMORANDUM*<br>and<br>ORDER |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted July 8, 2019**
Portland, Oregon

Before: FERNANDEZ, GRABER, and OWENS, Circuit Judges.

Plaintiff Wendy Daley appeals the summary judgment entered against her on

her claims of an unconstitutional arrest, false arrest, and negligence. On de novo

review, and viewing the evidence in the light most favorable to Plaintiff, <u>King v.

County of Los Angeles</u>, 885 F.3d 548, 556 (9th Cir. 2018), we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

1. The Defendant Officers had probable cause to arrest Plaintiff because they had "reasonably trustworthy information sufficient to lead a person of reasonable caution to believe" that Plaintiff had violated Oregon Revised Statute section 811.700 by backing into someone else's vehicle and leaving the scene without providing her name and insurance information. John v. City of El Monte, 515 F.3d 936, 940 (9th Cir. 2008) (internal quotation marks omitted). We consider all the circumstances known to the officers at the time of the arrest. Velazquez v. City of Long Beach, 793 F.3d 1010, 1018 (9th Cir. 2015).[1] Plaintiff's license plate matched the number reported to the 911 dispatcher, she resembled the person seen in security footage who reportedly had backed into someone else's car, and her car had damage on its rear bumper consistent with having backed into another vehicle. Certainty is not required to establish probable cause. United States v. Lopez, 482 F.3d 1067, 1078 (9th Cir. 2007). Accordingly, a reasonable jury could not find that the Defendant Officers lacked probable cause, and summary judgment on Plaintiff's 42 U.S.C. § 1983 claim of an unconstitutional arrest was proper.

[1] We therefore decline to consider enhanced security footage to which the Defendant Officers lacked access at the time of the arrest. See John, 515 F.3d at 940 (explaining that the court may not consider facts that became known only after the arrest).

2.  Summary judgment also was proper with respect to Plaintiff's state-law claims.

(a) Under Oregon law, probable cause to arrest requires that an officer subjectively believe that the arrested person has committed a crime justifying her seizure and that the officer's belief be objectively reasonable in the circumstances. State v. Miller, 191 P.3d 651, 657 (Or. 2008).  The Defendant Officers had probable cause under state law to arrest Plaintiff for having violated section 811.700.  Probable cause to arrest bars a claim for false arrest under Oregon law. Miller v. Columbia County, 385 P.3d 1214, 1223 (Or. Ct. App. 2016).

(b) We assume, without deciding, that a plaintiff may pursue a state-law claim of negligence premised on the same facts that underlie a Fourth Amendment claim of arrest without probable cause.[2]  Nonetheless Plaintiff's negligence claim fails, because the Defendant Officers behaved reasonably by arresting Plaintiff with probable cause.  Not every mistake is actionable.  Oregon law did not require the officers to "eliminate all possible lawful explanations for conduct" that appeared to violate the law.  Id. at 1222 (internal quotation marks omitted).

**AFFIRMED.**

---

[2]  We therefore **DENY** Defendants' motion to certify a question to the Oregon Supreme Court.

3